# CASES DETERMINED

IN THE

# SUPREME COURT OF ARKANSAS

## WILLIS v. STATE.

### Opinion delivered November 13, 1911.

1. ABDUCTION—ENTICEMENT OF FEMALE CHILD—EVIDENCE.—Where, in a prosecution under the act of May 31, 1909, for enticing a female child under 18 years of age to defendant's room for the purpose of prostitution, the defense was that she was there for the purpose of cleaning up the room, it was competent, in connection with evidence that the child was there on numerous occasions when not engaged in cleaning up the room, and had slept there several nights, to prove further that the place had formerly been used for a negro gambling house, and had a bad reputation, and that when the officers broke into the room for the purpose of rescuing the child they found therein gambling paraphernalia and burglar's tools, as such evidence tended to throw light upon the defendant's purpose in having her there. (Page 3.)

2. SAME—EVIDENCE.—In a prosecution for enticing a female child under 18 years of age to defendant's room for purposes of prostitution, it was competent to prove that defendant attempted to take undue liberties with the person of another girl in presence of said female child, as tending to show that defendant's relations with the latter were illicit. (Page 3.)

Appeal from Garland Circuit Court; *C. T. Cotham*, Judge; affirmed.

*T. E. Rutherford*, for appellant.

*Hal L. Norwood*, Attorney-General, and *William H. Rector*, Assistant, for appellee.

McCULLOCH, C. J. The defendant, Harry Willis, was convicted of violating the statute approved May 31, 1909, which provides "that any person who shall inveigle or entice, or attempt to inveigle or entice, any female person under the age of 18 years to any place  * * *  for the purpose of prostitution or lewdness, or other immoral practices, shall, on conviction, be imprisoned not less than 2 years nor more than 20 years in the State penitentiary." Acts 1909, page 936.

The indictment charges that defendant "did unlawfully and feloniously inveigle and entice one Ernestine Harie, a female person under the age of 18 years, to his bedroom in the city of Hot Springs, in said county and State, for the purpose of prostitution and lewdness.''

The child, Ernestine Harie, was, at the time of the occurrence, between 14 and 15 years of age. She was seen between 4 and 5 o'clock one afternoon going to defendant's room, and her conduct at the time excited the suspicion of the two gentlemen who saw her. One of them had, a few days before, seen defendant give her money on the street. They notified the chief of police, who procured a search warrant, as provided by the statute, and about an hour later searched defendant's room and found the child there alone. The door was locked on the inside and after knocking and demanding admittance, the officers broke the door and entered.

The girl testified that defendant gave her the key to his room so that she could get in and clean it up for him, but she denied that she went there for the purpose of having intercourse with him, or that she ever had intercourse with him, or that she was ever invited there for that purpose. She testified that her mother had been cleaning up the room for defendant, and that she went there with her mother several times. She said further that the defendant had invited her to dinner and to supper with him on several occasions, and that they ate at a lunch room.

Another little girl, of about the same age, a companion of Ernestine Harie, testified that she visited defendant's room several times with Ernestine, and that on one occasion she went there and found the latter in bed with defendant. She stated that they induced her to get in the bed with them, and that the defendant drew the cover up over her and placed his hand under her dress, which frightened her, and she sprang out of the bed. She also testified that she saw Ernestine sitting in defendant's lap several times, and that they were kissing and caressing each other.

Defendant denied that he ever had intercourse with the child, or that he invited her to his room for that purpose, but stated that she went to his room for the purpose of cleaning it up.

The testimony, we think, was abundantly sufficient to sustain the charge that defendant enticed the child to his room for the purpose of prostitution, and that he had sexual intercourse with her.

It is insisted that the court erred in permitting the chief of police to testify that defendant's quarters had formerly been used for a negro gambling house, and had a bad reputation, and that when the officers broke into the room for the purpose of rescuing the child they found therein gambling paraphernalia and burglar's tools. The court admitted this testimony for the sole purpose of showing the character of the room as reflecting light upon the purpose of defendant in having the child there. We think the testimony was competent for that purpose, for it had a tendency to show that the child was enticed there for immoral purposes. If the testimony on the part of the State had been confined to the single instance of finding the child there at a time when she and the defendant say it was for the purpose of cleaning up the room, it might have been unimportant and immaterial to show the character and reputation of the premises, but the testimony adduced tends to show that the child was there on numerous occasions when not engaged in cleaning up the room, and that she slept there several nights. If this is true, the jury had the right to consider the fact that the defendant was inviting the child to come there and stay, or permitted her to do so at this place which bore a bad reputation, and at which no female of good reputation would likely visit.

It is also insisted that it was error for the court to permit the other girl to testify as to defendant's conduct toward her. But we think that this also was competent for the purpose of establishing defendant's relations with Ernestine Harie, for it occurred in the presence of the latter. The fact that defendant attempted to take undue liberties with the person of the other girl in the presence of Ernestine Harie tended to show that his relations with the latter were illicit.

Upon the whole, we find no error in the case, and that upon the testimony the verdict of the jury is correct. The judgment is therefore affirmed.